Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4185 | **DATE** | 10/3/2001 |
| **CASE TITLE** | Denton vs. H&R Block Financial Advisors | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 5-1) to dismiss is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 0 4 2001 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| SCT | courtroom deputy's initials | 01 OCT -3 PM 3 50 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD L. DENTON, individually and on behalf of all other persons similarly situated, )
)
)
Plaintiff, )
)
vs. ) 01 C 4185
)
H&R BLOCK FINANCIAL ADVISORS, INC., )
)
Defendant. )

DOCKETED
OCT - 4 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the court is Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's class action complaint based on breach of fiduciary duty. For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff Richard L. Denton's ("Denton's") complaint contains the following factual allegations, which the Court must accept as true for the purposes of this motion. Brontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). Denton maintained a non-discretionary account with Olde Discount Corporation ("Olde") from approximately 1991 through March 22, 2000. H & R Block Financial Advisors, Inc.

("H & R Block") acquired Olde in December 1999. Although H & R Block is the named Defendant in this case, we refer to Olde as the Defendant in this opinion because the bulk of the allegations occurred during Olde's ownership.

Denton's complaint centers around Olde's sales of Special Venture stock. Special Venture stocks allegedly are high risk speculative stocks. According to Denton, Olde intentionally, willfully, and wantonly had its registered representatives aggressively and deceptively market Special Venture stocks rather than established, less risky stocks. To facilitate sales of Special Venture stock, registered representatives were instructed to tell customers that the stocks were "great investment opportunities" and to recommend such stocks when customers expressed an interest in less risky stocks in a particular industry. The representatives did not disclose the higher risks with Special Venture stock.

Additionally, registered representatives who sold Special Venture stock were rewarded with much higher commissions and other incentives than if they sold the more established stock. This commission structure was similarly not disclosed to Olde customers. Denton states that, had he known about the true nature of the Special Venture stock or the commission structure, he would not have purchased Special Venture stocks. He asserts that Olde breached its alleged fiduciary duty to disclose the commission structure and not to misrepresent the nature of Special Venture stock.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Triad Associates, Inc. v. Chicago Housing Auth., 892 F.2d 583, 586 (1989). In ruling on a motion to dismiss, the Court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Brontkowski, 998 F.2d at 461. The allegations of a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Hartford Fire Ins. Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Center Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir.1994). Nonetheless, to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of a cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir.1992).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. Fed.R.Civ.P. 10(c); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir.

1993). We may also consider documents and facts included in a plaintiff's response brief so long as they are consistent with the allegations in the complaint. Hentosh v. Herman M. Finch Univ., 167 F.3d 1170, 1173 n. 3 (7th Cir. 1999). With these principles in mind, we turn to the motion before us.

## DISCUSSION

Olde argues that Denton's class action complaint should be dismissed because his state law claim of breach of fiduciary duty is preempted by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").

In the 1990's, Congress passed two statutes to curb the problems corporations suffered as a result of class action lawsuits. Lander v. Hartford Life & Annuity Ins. Co., 251 F.3d 101, 107 (2nd Cir. 2001). First, Congress passed the Private Securities Litigation Reform act of 1995 ("PSRLA"). See 15 U.S.C. §§ 77z-1, 78u-4. The PSLRA was enacted to curb "strike suits." "Strike suits" are lawsuits started to "'extract a sizable settlement from companies that are forced to settle, regardless of the lack of merits of the suit, simply to avoid the potentially bankrupting expense of litigation.'" Burns v. Prudential Securities, 116 F. Supp. 2d 917, 921 (N.D. Ohio 2001) (quoting H.R. Conf. Rep. No. 803, 105th Cong., 2d Sess. At 13). The PSLRA's attack on meritless strike suits came in the form of heightened pleading requirements, mandatory staying of discovery pending motions to dismiss, and the creation of a "safe

harbor" for certain forward looking statements. Lander, 251 F.3d at 107; Burns, 116 F. Supp. 2d at 921. Soon after the PSLRA was passed, however, plaintiffs tried to circumvent its stricter procedural standards by filing claims in state courts based on state law. Lander, 251 F.3d at 107-08.

Congress responded by passing the SLUSA. The SLUSA was enacted "to 'prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than Federal, court.'" Prager v. Knight/Trimark Group, Inc., 124 F. Supp. 2d 229, 232 (D.N.J. 2000). With some limited exceptions, the SLUSA made the federal courts the exclusive venue for covered class actions alleging that a covered security was sold through manipulation, fraud, or deceit. Lander, 251 F.3d at 108; Prager, 124 F. Supp. 2d at 233; Gibson v. PS Group Holdings, Inc., 2000 WL 777818, at *2 (S.D. Cal. June 14, 2000). The SLUSA provides:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in the any State or Federal court by any private party alleging--
> (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or
> (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 78bb(f)(1). Therefore, an action will dismissed as preempted by the SLUSA if the action is: (1) a "covered class action," (2) that is based on a state law,

(3) alleging a misrepresentation or omission of a material fact *or* use of any manipulative or deceptive device or contrivance (4) "in connection with" the purchase or sale of a covered security. All four elements are required for preemption. See Prager, 124 F. Supp. 2d at 231; Bertram v. Terayon Communications Systems, Inc., 2001 U.S. Dist. LEXIS 6215, at *14 (Mar. 27, 2001); Simon v. Internet Wire, Inc., 2001 WL 688542 (April 3, 2001); Hines v. ESC Strategic Funds, Inc., 1999 WL 1705503 (M.D. Tenn. 1999). Additionally, the focus is on the substance of the claim and not the plaintiff's characterization of it. See Abada v. Charles Schwab & Co., Inc., 127 F. Supp. 1101, 1166 (S.D. Cal. 2000); Prager, 124 F. Supp. 2d at 235.

The only element in dispute in this case is the third element. Olde argues that Denton's breach of fiduciary duty claim meets this element because Denton alleges throughout his complaint that Olde "intentionally, willfully, and wantonly" omitted or failed to disclose the fact that brokers received greater payouts on Special Venture stocks and misrepresented that Special Venture stocks were "great investment opportunities" when in fact they were unsuitable, "high risk speculative stocks." Indeed, as Olde points out, Denton's complaint is full of allegations of misrepresentations and omissions of material facts and deceptive practices made by Olde in connection with the purchase or sale of the Special Venture stocks. Compl.

¶¶ 14, 18, 19, 24, 26-35, 38, 45, 48. Thus, Denton's allegations appear to fall exactly within the types of allegations preempted by SLUSA.

To argue that they do not, Denton relies on the analysis in <u>Burns v. Prudential Securities</u>, 116 F. Supp. 2d at 917, regarding whether the plaintiff's allegations in that case met the third requirement for preemption under the SLUSA. In interpreting the SLUSA's third requirement, the <u>Burns</u> court determined that the language was similar to that of § 10(b) of the Security Act. <u>Burns</u>, 116 F. Supp. 2d at 923. Because a complaint alleging a violation of § 10(b) must allege that the defendant acted with scienter, the <u>Burns</u> court concluded that the SLUSA likewise only preempts allegations that plead that the defendant acted with scienter. <u>Id.</u> "Scienter" is a "mental state embracing intent to deceive, manipulate or defraud." <u>Id.</u> (quoting <u>Ernst & Ernst v. Hochfelder</u>, 425 U.S. 185, 194, 96 S.Ct. 1375 (1976)). The court in <u>Burns</u> found that the plaintiff's complaint could not support a securities fraud claim, and therefore was not preempted by the SLUSA, because the plaintiff did not allege facts suggesting any "element of deception." <u>Id.</u> at 924. The plaintiff merely alleged one instance of unauthorized trading, which, as the court noted, by itself is not sufficient to state a securities fraud claim, though it may sufficiently allege claims based in state law. <u>Id.</u> at 923 (citing <u>Messer v. E.F. Hutton & Co.</u>, 833 F.2d 909, 916-17 (11th Cir. 1987);

Shamsi v. Dean Whitter Reynolds, Inc., 743 F. Supp. 87, 91 (D.Mass. 1989); Kayne v. PaineWebber Inc., 703 F. Supp. 1334, 1340 (N.D. Ill. 1989)).

Unlike the complaint in Burns, Denton's complaint does allege facts which suggest, at a minimum, an "element of deception." Denton repeatedly alleges that Olde intentionally, willfully and wantonly misrepresented the nature of the Special Venture stocks and did not disclose the commission structure in order to sell more Special Venture stocks. He further alleges that these are material facts. Additionally, unlike the one instance of alleged unauthorized trading in Burns, the conduct complained of here involves misrepresentations, omissions, and deceit spanning a period of about nine years.

Additionally, Denton argues that his claim is not preempted by the SLUSA because allegations of breach of fiduciary duty cannot give rise to a securities fraud claim under § 10(b) and Rule 10b-5. While it is true that allegations of breach of fiduciary duty alone will not sufficiently plead a securities fraud claim, a breach of fiduciary duty may give rise to a Rule 10b-5 claim where the alleged conduct "can fairly be viewed as manipulative or deceptive within the meaning of the [Securities Act]." Santa Fe Indus. Inc. v. Green et al., 430 U.S. 462, 473-74, 97 S.Ct. 1292 (1977); Fry v. UAL Corp., 895 F. Supp. 1018 (N.D.Ill. 1995); cf. Atchley v. Qonaar Corp., 704 F.2d 355 (7th Cir. 1983). "Manipulation" in the securities context "refers generally to

practices...that are intended to mislead investors by artificially affecting market activity." Santa Fe Indus. Inc., 430 U.S. at 476-77. In addition, "nondisclosure is usually essential to the success of a manipulative scheme." Id. at 477. Here, the conduct with which Denton has charged Olde can fairly be viewed as manipulative or deceptive in the securities context.

Finally, Denton refers this court to two cases in which courts concluded that breach of fiduciary duty claims were not preempted by the SLUSA, Lalondriz v. USA Networks, Inc., 68 F. Supp. 2d 285 (S.D.N.Y. 1999), and Gordon v. Buntrock, 2000 WL 556763 (N.D. Ill. 2000). These cases do not support Denton's position. The issue in both cases was the fourth requirement, that the misrepresentations or manipulation occurred "in connection with the purchase or sale of the covered securities." Lalondriz, 68 F. Supp. 2d at 286; Gordon, 2000 WL 556763, at *2. Both courts found that the allegations in those cases did not meet this requirement because the plaintiffs alleged that the defendants' conduct occurred while the plaintiffs were *holding* the securities and not "in connection with the purchase or sale" of the securities. Lalondriz, 68 F. Supp. 2d at 286; Gordon, 2000 WL 556763, at *3; see Shaev v. Claflin, 2001 WL 548567, at 5 (N.D. Cal. May 17, 2001) (finding no preemption where "purported injury arose from the mere holding of 3Com stock, and not from any trading of 3Com securities"); Hines, 1999 WL 1705503, at *6 (finding no preemption where plaintiff

alleged that defendants' breach of fiduciary duty occurred *after* plaintiff purchased her stock). Here, Denton alleges that Olde failed to disclose the commission structure and misrepresented the risk value of Special Venture stock *during* sales of Special Venture stock.

Accordingly, because the allegations in Denton's complaint meet the SLUSA's requirements for preemption, Denton's claim must be dismissed.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is granted.

Charles P. Kocoras
United States District Judge

Dated: October 3, 2001